UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DANA JEFFCOAT     PLAINTIFF

vs.     CASE NO.: 3:15-CV-107-NBB-JMV

DANIAL, INC. D/B/A MARATHON GAS –
AIRWAYS ONE N ALL; ROSE FOOD & FUEL,
INC. AND ROZINA BHAMANI, INDIVIDUALLY     DEFENDANTS

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DANA JEFFCOAT, by and through undersigned counsel, and sues the Defendants, DANIAL, INC. D/B/A MARATHON GAS – AIRWAYS ONE N ALL; ROSE FOOD & FUEL, INC. and ROZINA BHAMANI, Individually; and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff against former employers for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff seeks liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

**JURISDICTION**

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

**VENUE**

4. The venue of this Court over this controversy is proper based upon the claim arising

1

in Southaven, Mississippi (DeSoto County).

## FACTS

5. Plaintiff worked as a non-exempt cashier for the Defendants and performed related activities, including but not limited to ringing up customers, stocking, cleaning, handling money, working with vendors, inventory, etc.

6. Plaintiff worked from approximately August 2014 through March 15, 2015.

7. Plaintiff's rate of pay was approximately $7.25 per hour.

8. Plaintiff worked more than forty (40) hours per week.

9. Plaintiff was not paid time and one-half compensation for all overtime hours worked.

10. Defendant, DANIAL, INC. D/B/A MARATHON GAS – AIRWAYS ONE N ALL is a privately held company in Southaven, Mississippi (DeSoto County) categorized under Independent Convenience Stores (Gasoline & Convenient Store).

11. Defendant, ROSE FOOD & FUEL, INC. is a privately held company in Southaven, Mississippi (DeSoto County) categorized under Independent Convenience Stores (Gasoline & Convenient Store).

12. Defendant, ROZINA BHAMANI, is the Incorporator, acting manager and sole officer of Defendants, DANIAL, INC. D/B/A MARATHON GAS – AIRWAYS ONE N ALL and ROSE FOOD & FUEL, INC.

13. Defendant, ROZINA BHAMANI, is a manager who acted with direct control over the work, pay, and job duties of Plaintiff.

14. Defendant, ROZINA BHAMANI: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

15. As such, Defendant, ROZINA BHAMANI, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

## COVERAGE

16. The Defendants are a corporation formed and existing under the laws of the State of Mississippi and at all times (2012-2015), during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

17. Plaintiff was an employee of Defendants and was, at all times relevant to the violations of the FLSA (2012-2015), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

18. At all material times relevant to this action (2012-2015), the Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. At all material times relevant to this action (2012-2015), the Defendants made gross earnings of at least $500,000 annually.

20. At all material times relevant to this action (2012-2015), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. gasoline, food, beverages, alcohol, tobacco, etc.).

21. At all material times relevant to this action (2012-2015), Plaintiff was individually engaged in interstate commerce during her employment with Defendants, by accepting payments

from customers based on credit cards issued by out of state banks, making and answering phone calls, and assistance in receiving gasoline products from out of state.

22. At all material times relevant to this action (2012-2015), Defendants had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers.

23. At all material times relevant to this action (2012-2015), the Defendants have been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

24. At all material times relevant to this action (2012-2015), the Defendants also used the telephone or computers to place and accept business calls.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## AGAINST ALL DEFENDANTS

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which Plaintiff was employed for workweeks longer than forty (40) hours.

27. Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which Plaintiff was employed.

28. Plaintiff seeks payment of unpaid overtime within the last three years from the filing of this complaint.

29. Defendants' violations were willful in that they failed to keep accurate time records as required by the FLSA.

30. Defendants' violations were willful in that they refused to post notice of applicable FLSA laws as required by the FLSA.

31. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half the regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is also entitled to liquidated damages.

33. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT II – DECLARATORY RELIEF

34. Plaintiff readopts and reincorporates paragraphs 1-33 above as though fully stated herein.

35. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

36. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

37. Plaintiff may obtain declaratory relief.

38. Defendants employed Plaintiff.

39. Defendants are an enterprise.

40. Plaintiff was individually covered by the FLSA.

41. Defendants failed to pay Plaintiff for all the hours worked.

42. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

43. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

44. Defendants did not rely on a good faith defense.

45. Plaintiff is entitled to an equal amount of liquidated damages.

46. It is in the public interest to have these declarations of rights recorded.

47. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

48. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

49. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, and all other similarly situated employees, demand judgment against Defendants, DANIAL, INC. D/B/A MARATHON GAS –

AIRWAYS ONE N ALL; ROSE FOOD & FUEL, INC. and ROZINA BHAMANI, Individually, for:

  a. Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

  b. The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate her;

  c. Liquidated damages;

  d. Reasonable attorneys' fees and costs incurred in this action;

  e. A declaration that Plaintiff was an employee of Defendants under the terms of the FLSA, that she worked over forty (40) hours in a workweek without receiving correct overtime pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendants failed to prove a good faith defense, and that Plaintiff and other similarly situated employees are entitled to overtime, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA;

  f. Reimbursement of self-employment tax unnecessarily paid by Plaintiffs as a result of her misclassification;

  g. Pre- and post-judgment interest as provided by law;

  h. Trial by jury on all issues so triable;

  i. Any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

50. Plaintiff demands a jury trial on all issues so triable against Defendants.

DATE this 18th day of June, 2015.

                              Respectfully submitted,

                              DANA JEFFCOAT, PLAINTIFF

                              _____
                              Christopher W. Espy, Esq., MSB #102424
                              MORGAN & MORGAN
                              188 E. Capitol Street, Suite 777
                              Jackson, Mississippi 39201
                              Phone: 601-718-2087
                              Fax:   601-718-2102
                              Email: cespy@forthepeople.com

                              ATTORNEY FOR PLAINTIFF